UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENOCH E. DINKENS, JR.,

                        Petitioner,

v.                                    Case No. 3:09-cv-1174-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                        Respondents.
_____

## ORDER

## I. Status

Petitioner Enoch E. Dinkens initiated this action by filing a
pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1)
under 28 U.S.C. § 2254 on November 30, 2009.  Dinkens filed an
Amended Petition (Doc. #39) on December 15, 2011.  Now proceeding
on his Second Amended Petition (Doc. #51), filed June 29, 2012,
Dinkens challenges a 2007 state court (Nassau County, Florida)
judgment of conviction for sexual battery upon a mentally defective
person. Respondents have submitted a memorandum in opposition to
the Petition. See Respondents' Response to Second Amended Petition
for Habeas Corpus (Response) (Doc. #57) with exhibits (Resp. Ex.).
On December 10, 2009, the Court entered an Order to Show Cause and
Notice to Petitioner (Doc. #11), admonishing Dinkens regarding his

obligations and giving Dinkens a time frame in which to submit a reply.  Dinkens submitted a brief in reply on December 17, 2012. See Petitioner's Reply to Respondents' Response to  Petitioner's Second Amended Petition (Doc. #75).  This case is ripe for review.

## II. Procedural History

On October 10, 2006, the State of Florida charged Enoch Eugene Dinkens with sexual battery upon a mentally defective person who was twelve years of age or older.  Resp. Ex. A at 7, Information. After jury selection, Dinkens proceeded to a jury trial.  Resp. Exs. D and E, Transcripts of the Jury Trial (Tr.).  At the conclusion of the trial, a jury found Dinkens guilty of sexual battery upon a mentally defective person who was twelve years of age or older.  Resp. Ex. A at 58, Verdict; Tr. at 283.  On May 17, 2007, the trial court sentenced Dinkens, as a habitual felony offender, to a term of life imprisonment.  Resp. Ex. F at 23-24; Resp. Ex. A at 129-39.

On appeal, Dinkens, through counsel, filed an Initial Brief, arguing that the trial court erred in overruling his objections and permitting Dr. Harris to render opinions which applied a legal standard to a set of facts (ground one), and Dinkens's right to a trial by jury was violated when the sentencing court, rather than the jury, made findings that authorized the imposition of a sentence greater than the statutory maximum for the offense of sexual battery on a mentally defective person (ground two).  Resp.

2

Ex. I.  The State filed an Answer Brief.  Resp. Ex. J.  On March 13, 2008, the appellate court, in a written opinion, affirmed Dinkens' conviction and sentence, <u>see</u> <u>Dinkens v. State</u>, 976 So.2d 660 (Fla. 1st DCA 2008); Resp. Ex. K, and the mandate issued on March 31, 2008, <u>see</u> Resp. Ex. L.  Dinkens did not seek review in the United States Supreme Court.

On May 6, 2008, Dinkens filed his first <u>pro se</u> motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Resp. Ex. M.  In his request for post conviction relief, Dinkens asserted that counsel (Brian David Morrissey) was ineffective because he failed to argue that Dinkens should have been charged by an Indictment, not an Information, and that he should have been tried by a twelve-person jury, not a six-person jury.  <u>Id</u>.  On May 13, 2008, the court denied Dinkens' request for post conviction relief, finding that there was "no legal basis to support these contentions . . . ."  Resp. Ex. N.  Dinkens did not appeal the trial court's denial.

On April 2, 2009, Dinkens filed a <u>pro se</u> petition for writ of habeas corpus in the appellate court, asserting that appellate counsel was ineffective because she failed to raise the following issues on direct appeal: the trial court failed to make the statutorily required finding that his confession was trustworthy (ground one); the trial court erred in permitting the State to elicit hearsay testimony from the victim's mother (ground two); the

3

trial court erred in denying Dinkens' motion for judgment of acquittal where the evidence did not support the conviction (ground three); the trial court erred in permitting the State's introduction of Dinkens' prior felony convictions, despite the fact that Dinkens did not testify (ground four); and the cumulative effect of appellate counsel's deficient performance was sufficiently prejudicial to warrant a reversal (ground five). Resp. Ex. O. The State responded, see Resp. Ex. Q, and Dinkens replied, see Resp. Ex. R. On August 6, 2009, the appellate court denied the petition on the merits. Dinkens v. State, 18 So.3d 1102 (Fla. 1st DCA 2009); Resp. Ex. S. The court also denied Dinkens' motion for rehearing on September 18, 2009. Resp. Exs. T; U.

On November 18, 2009, Dinkens filed a pro se Petition for Writ of Mandamus, in which he petitioned the trial court to compel the State Attorney's Office to provide a copy of the case file. Resp. Ex. V. The court denied the petition on December 7, 2009. Resp. Ex. W. Although Dinkens appealed, see Resp. Ex. X, due to his failure to comply with the court's orders, the appellate court dismissed the appeal on February 19, 2010.[1]

On March 12, 2010, Dinkens filed his second pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. BB at 1-10. In this request for post

---

[1] Online docket, Enoch Dinkens, Jr. v. Florida, Case No. 1D09-6326, First District Court of Appeal (http://www.1dca.org).

4

conviction relief, Dinkens asserted that counsel was ineffective because he: failed to impeach Detective Murphy at trial or otherwise challenge the interrogating police officer's tactics in securing Dinkens' confession (ground one); failed to investigate alternative suspects named by the victim (ground two); failed to secure a rebuttal witness in connection with pivotal medical evidence (ground three); and conceded to the State's motion to permit Dinkens' prior felonies to be presented to the jury (ground four). As ground five, Dinkens argued that the cumulative effect of trial counsel's deficient performance was sufficiently prejudicial to warrant relief. Id. The trial court, on March 24, 2010, denied the motion as successive and as an abuse of process. Id. at 11. Dinkens appealed. Resp. Ex. CC. The State notified the court that it did not intend to file an answer brief. Resp. Ex. DD. On August 13, 2010, the appellate court affirmed the trial court's decision per curiam. Dinkens v. State, 42 So.3d 237 (Fla. 1st DCA 2010); Resp. Ex. EE. The mandate issued on September 8, 2010. Resp. Ex. FF.

On December 28, 2010, Dinkens filed his third pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. GG at 1-40. In this request for post conviction relief, Dinkens asserted that counsel was ineffective because he failed to: litigate a Fourth Amendment claim (ground one) and present and investigate the lack of physical evidence

(ground two).  Additionally, he argued that the cumulative effect of trial counsel's deficient performance was sufficiently prejudicial (ground three).  On January 7, 2011, the court denied the motion as successive and untimely.  Id. at 41.  Once again, Dinkens appealed, see Resp. Ex. HH, and the State opted not to file an answer brief, see Resp. Ex. II.  On May 11, 2011, the appellate court affirmed the trial court's decision per curiam.  Dinkens v. State, 64 So.3d 1263 (Fla. 1st DCA 2011); Resp. Ex. JJ.   The mandate issued on July 12, 2011.  Resp. Ex. KK.

On March 3, 2011, Dinkens filed his first pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800.  Resp. Ex. LL at 1-35.  He asserted that his sentence of life imprisonment is illegal in that it exceeds the statutory maximum sentence.  The court, on March 16, 2011, denied the motion, stating that the appellate court had upheld Dinkens' habitual felony offender sentence on direct appeal on March 13, 2008.  Id. at 36.  On appeal, Dinkens filed an amended brief. Resp. Ex. MM.  The State notified the court that it did not intend to file an answer brief.  Resp. Ex. NN.  On June 15, 2011, the appellate court affirmed the trial court's decision per curiam. Dinkens v. State, 66 So.3d 942 (Fla. 1st DCA 2011); Resp. Ex. OO. On August 9, 2011, the appellate court denied Dinkens' motion for rehearing.  Resp. Exs. PP; QQ.  The mandate issued on August 25, 2011.  Resp. Ex. RR.

6

Undeterred, on October 25, 2011, Dinkens filed a second pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Resp. Ex. SS at 1-35. The court, on November 1, 2011, denied the motion, stating that Dinkens had alleged "the same grounds" as set forth in his first motion to correct illegal sentence (which the trial court had denied on March 16, 2011, and the appellate court had affirmed). Id. at 37. Dinkens appealed. Resp. Ex. TT. The State notified the court that it did not intend to file an answer brief. Resp. Ex. UU. On February 24, 2012, the appellate court affirmed the trial court's decision per curiam. Dinkens v. State, 81 So.3d 419 (Fla. 1st DCA 2012); Resp. Ex. VV. The mandate issued on March 21, 2012. Resp. Ex. WW.

On April 3, 2012, Dinkens filed his third pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. See Resp. Ex. XX at 1 (setting forth procedural history of his Rule 3.800 filings in state court). The court denied the motion on April 12, 2012. Id. Dinkens appealed, see id., and that appeal is still pending in the appellate court,[2] see Resp. Ex. PD-9.

---

[2] Online docket, Enoch Dinkens, Jr. v. Florida, Case No. 1D12-2138, First District Court of Appeal (http://www.1dca.org).

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 5 n.3.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V. Standard of Review

The Court will analyze Dinkens' claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120

S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context.  An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable.  Questions of law and mixed questions of law and fact are reviewed de novo, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted).  In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521.  Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual

findings] by clear and convincing evidence."[3]
28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert. denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Dinkens' claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Exhaustion/Procedural Default

There are prerequisites to a federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust

---

[3] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)) To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Recently, the United States Supreme Court discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[4] <u>supra</u>, at 747–748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. --, --, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. --, --, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012).

Thus, procedural defaults may be excused under certain circumstances: notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of

---

[4] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

justice.  <u>Maples v. Thomas</u>, 132 S.Ct. 912, 922 (2012) (citations omitted);  <u>In Re Davis</u>, 565 F.3d 810, 821 (11th Cir. 2009) (citation omitted).  In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct."  <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. 2639).  Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness."  <u>Id</u>. at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999).

In <u>Martinez</u>, the Supreme Court modified the general rule in <u>Coleman</u>[5] to expand the "cause" that may excuse a procedural default.  <u>Martinez</u>, 132 S.Ct. at 1315.

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural

---

[5] "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'"  <u>Maples v. Thomas</u>, 132 S.Ct. 912, 922 (citing <u>Coleman</u>, 501 U.S. at 753).  The Court reasoned that, under principles of agency law, the attorney is the prisoner's agent, and therefore, the principal bears the risk of negligent conduct on the part of his agent.  <u>Coleman</u>, 501 U.S. at 753-54.  In <u>Coleman</u>, the alleged ineffectiveness of counsel was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court.  <u>Id</u>. at 755.  However, the <u>Martinez</u> Court addressed inadequate assistance of counsel at an initial-review collateral proceeding.

default in an initial-review collateral
proceeding acknowledges, as an equitable
matter, that the initial-review collateral
proceeding, if undertaken without counsel or
with ineffective counsel, may not have been
sufficient to ensure that proper consideration
was given to a substantial claim.  From this
it follows that, when a State requires a
prisoner to raise an ineffective-assistance-
of-trial-counsel claim in a collateral
proceeding, a prisoner may establish cause for
a default of an ineffective-assistance claim
in two circumstances. The first is where the
state courts did not appoint counsel in the
initial-review collateral proceeding for a
claim of ineffective assistance at trial. The
second is where appointed counsel in the
initial-review collateral proceeding, where
the claim should have been raised, was
ineffective under the standards of <u>Strickland</u>
<u>v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984).  To overcome the
default, a prisoner must also demonstrate that
the underlying ineffective-assistance-of-
trial-counsel claim is a substantial one,
which is to say that the prisoner must
demonstrate that the claim has some merit. <u>Cf</u>.
<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S.Ct.
1029, 154 L.Ed.2d 931 (2003) (describing
standards for certificates of appealability to
issue).

<u>Id</u>. at 1318-19.

In the absence of a showing of cause and prejudice, a
petitioner may receive consideration on the merits of a
procedurally defaulted claim if he can establish that a fundamental
miscarriage of justice, the continued incarceration of one who is
actually innocent, otherwise would result.  The Eleventh Circuit
has explained:

[I]f a petitioner cannot show cause and
prejudice, there remains yet another avenue

14

> for him to receive consideration on the merits
> of his procedurally defaulted claim.  "[I]n an
> extraordinary case, where a constitutional
> violation has probably resulted in the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default."  Carrier, 477 U.S. at
> 496, 106 S.Ct. at 2649.[6]  "This exception is
> exceedingly narrow in scope," however, and
> requires proof of actual innocence, not just
> legal innocence.  Johnson v. Alabama, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157.  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense."  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)), cert. denied, 535 U.S. 926 (2002).  Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial."  Calderson v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).  With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected.  Schlup, 513 U.S. at 324.

## VII. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  Yarborough v.

---

[6] Murray v. Carrier, 477 U.S. 478 (1986).

15

Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith,
539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S.
668, 687 (1984)).

> To establish deficient performance, a
> person challenging a conviction must show that
> "counsel's representation fell below an
> objective standard of reasonableness."
> [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. Id., at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." Id., at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." Id., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." Id., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." Id., at 687, 104
> S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.

Since both prongs of the two-part Strickland test must be
satisfied to show a Sixth Amendment violation, "a court need not
address the performance prong if the petitioner cannot meet the
prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation
omitted). "Surmounting Strickland's high bar is never an easy

task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[7], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to

---

[7] Knowles v. Mirzayance, 556 U.S. 111 (2009).

a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VIII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Dinkens asserts that his Sixth and Fourteenth Amendment rights to due process of law and a reliable verdict were violated when the trial judge failed to make the statutorily required finding that his written confession was trustworthy in accordance with Florida Statutes section 92.565.   Respondents contend that the claim is procedurally barred since Dinkens failed to raise the issue on direct appeal.   See Response at 5-8.   In response, Dinkens argues that he has sufficiently exhausted the claim because he raised the issue in his pro se state petition for writ of habeas corpus.   Reply at 2.   In his state petition, as ground one, Dinkens asserted that appellate counsel was ineffective because she failed to raise on direct appeal that the trial court failed to make the statutorily required finding that Dinkens' confession was trustworthy.

On this record, the Court agrees that the claim has not been exhausted and is therefore procedurally barred since Dinkens failed to raise the claim in a procedurally correct manner.   Dinkens has not shown either cause excusing the default or actual prejudice resulting from the bar.   Moreover, he has failed to identify any

fact warranting the application of the fundamental miscarriage of justice exception.[8]

Even assuming that the claim is not procedurally barred, the trial court error claim presents an issue of state law that is not cognizable on federal habeas review. See Response at 9. The purpose of a federal habeas proceeding is review of the lawfulness of a petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" Jamerson v. Secretary for Dept. of Corrections, 410 F.3d 682, 688 (11th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992). As succinctly stated by the Eleventh Circuit:

---

[8] As previously stated, in his pro se petition for writ of habeas corpus, Dinkens asserted that appellate counsel was ineffective because she failed to raise on direct appeal that the trial court failed to make the statutorily required finding that his confession was trustworthy. Resp. Ex. O at 7-12. The State addressed the merits of the claim, see Resp. Ex. Q at 3-7, and Dinkens replied, see Resp. Ex. R at 1-4. On August 6, 2009, the appellate court denied the petition on the merits. Dinkens, 18 So.3d 1102; Resp. Ex. S. The court later denied Dinkens' motion for rehearing on September 18, 2009. Resp. Exs. T; U.

> A state's interpretation of its own laws or
> rules provides no basis for federal habeas
> corpus relief, since no question of a
> constitutional nature is involved. <u>Bronstein
> v. Wainwright</u>, 646 F.2d 1048, 1050 (5th Cir.
> Unit B June 1981).   State courts are the
> ultimate expositors of their own state's laws,
> and federal courts entertaining petitions for
> writs of habeas corpus are bound by the
> construction placed on a state's criminal
> statutes by the courts of the state except in
> extreme cases. <u>Mendiola v. Estelle</u>, 635 F.2d
> 487, 489 (5th Cir. Unit A 1981).

<u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992),

<u>cert</u>. <u>denied</u>, 507 U.S. 975, <u>reh'q</u> <u>denied</u>, 507 U.S. 1046 (1993).

Thus, Dinkens is not entitled to relief on the state law issue

raised in grounds one.

Even assuming that the claim is not procedurally barred and

presents an issue of federal constitutional dimension, Dinkens'

claim, nevertheless, is without merit.  Given the record, Dinkens'

ground one does not warrant federal habeas relief.  There is

sufficient corroborating evidence, including the victim's mother's

testimony and the medical evidence, as well as the circumstances

surrounding Detective Murphy's interview of Dinkens that tends to

establish the trustworthiness and voluntariness of Dinkens'

memorialized statement.[9]  <u>See</u> Response at 8-10; Resp. Ex. Q at 3-7;

---

[9] In Dinkens' written statement, he wrote: "On 9-7-06, I went
to my Cousin Cindy['s] house to check up on my uncle and in doing
I seen Jessica whom of which was alone in Cindy's house.  At that
time she asked me to warm up some food for her and at that time she
was in the living room and went to the bedroom in which I followed
her and proceeded to have sex with her and at the time I was in the
room I heard my cousin pull up and hurried to pull her pants on.

Resp. Ex. A at 25-26, Motion to Suppress Statements, Admissions and Confessions; Resp. Ex. B at 19-38; 49-54, Transcript of the Pretrial Hearing addressing the motion to suppress; Resp. Ex. A at 56 (Order stating "there is sufficient corroboration of defendant's confession without a corpus"), 112 (Constitutional Rights Form), 113 (Petitioner's Statement); Tr. at 12-16 (pretrial discussions relating to Petitioner's statement), 203-05 (admitting Petitioner's statement at trial).

## B. Ground Two

As ground two, Dinkens contends that appellate counsel was ineffective because she failed to raise the following issue on direct appeal: the trial court erred in allowing the hearsay testimony of the victim's mother. Dinkens raised this claim in a pro se petition for writ of habeas corpus filed in the First District Court of Appeal, see Resp. Ex. O; the State responded, see Resp. Ex. Q; and Dinkens replied, see Resp. Ex. R. Ultimately, the appellate court denied the petition on the merits, see Dinkens, 18 So.3d 1102; Resp. Ex. S, and also denied Petitioner's motion for rehearing, see Resp. Exs. T; U.

---

When my cousin walked in she asked me what I was doing and I told her and when Jessica told them I had done it to her and was demanded to leave." Resp. Ex. A at 113; Tr. at 204-05.

Thus, as there is a qualifying state court decision,[10] the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Dinkens' ineffectiveness claim is without merit.   Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.   In order to establish prejudice, the court must review the merits of the omitted claim.   See Philmore v. McNeil, 575 F.3d 1251, 1264-65 (11th Cir. 2009) (citation omitted), cert. denied, 130 S.Ct. 1884 (2010). Appellate counsel's performance is prejudicial if "the neglected claim would

---

[10] See Harrington, 131 S.Ct. at 785 (holding and reconfirming that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits).

have a reasonable probability of success on appeal." <u>Id</u>. at 1265 (citation and quotations omitted).

Dinkens has failed to establish that appellate counsel's failure to raise this claim relating to the trial court's alleged error in admitting the hearsay testimony of the victim's mother was deficient performance. Even assuming arguendo deficient performance by appellate counsel, Dinkens has not shown resulting prejudice. Given the record, he has not shown a reasonable probability exists that the claim would have been meritorious on direct appeal, if counsel had raised the claim. Accordingly, Dinkens' ground two is without merit since he has neither shown deficient performance nor resulting prejudice. <u>See</u> Resp. Ex. Q at 7-9; <u>Dinkens</u>, 18 So.3d 1102; Resp. Ex. S.

## C. Ground Three

As ground three, Dinkens argues that appellate counsel was ineffective because she failed to raise the following issue on direct appeal: the trial court erred in denying the motion for judgment of acquittal. Dinkens raised this claim in a <u>pro se</u> petition for writ of habeas corpus filed in the First District Court of Appeal, <u>see</u> Resp. Ex. O; the State responded, <u>see</u> Resp. Ex. Q; and Dinkens replied, <u>see</u> Resp. Ex. R. As previously stated, the appellate court ultimately denied the petition on the merits, <u>see</u> <u>Dinkens</u>, 18 So.3d 1102; Resp. Ex. S, and then denied Dinkens' motion for rehearing, <u>see</u> Resp. Exs. T; U.

Since there is a qualifying state court decision, the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Dinkens' ineffectiveness claim, nevertheless, is without merit since he has shown neither deficient performance nor resulting prejudice. See Resp. Ex. Q at 9-14; Dinkens, 18 So.3d 1102; Resp. Ex. S.

### D. Ground Four

As ground four, Dinkens claims that appellate counsel was ineffective because she failed to raise the following issue on direct appeal: the trial court erred by allowing the jury to hear that Dinkens had five prior felony convictions. Dinkens raised this claim in a pro se petition for writ of habeas corpus filed in the First District Court of Appeal. See Resp. Ex. O. Ultimately, the appellate court denied the petition on the merits, see Dinkens, 18 So.3d 1102; Resp. Ex. S, and also denied Dinkens' motion for rehearing, see Resp. Exs. T; U.

Since the appellate court adjudicated this claim on the merits, there is a qualifying decision under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Dinkens is not entitled to relief on the basis of this claim. Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, Dinkens' ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. See Resp. Ex. Q at 14-17; Dinkens, 18 So.3d 1102; Resp. Ex. S; Tr. at 207, 221-27, 241-42.

### E. Ground Five

As ground five, Dinkens claims that the cumulative effect of appellate counsel's ineffectiveness violated his Sixth and Fourteenth Amendment rights. Dinkens raised this claim in his state petition. See Resp. Ex. O. The appellate court denied the petition on the merits, see Dinkens, 18 So.3d 1102; Resp. Ex. S, and on rehearing, see Resp. Exs. T; U.

Thus, as there is a qualifying state court decision, the Court will address this claim in accordance with the deferential standard for federal court review of state court adjudications. After a

thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Dinkens is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is still without merit. Dinkens' cumulative error claim "fails in light of the absence of any individual errors to accumulate." Morris v. Sec'y, Dept. of Corr., 677 F.3d 1117, 1132 n.3 (11th Cir. 2012). Thus, Dinkens is not entitled to relief on the basis of this claim.

## F. Ground Six

As ground six, Dinkens claims trial counsel was ineffective because he failed to litigate the issue of whether Dinkens' statement to the police was involuntary due to an allegedly coercive interrogation.[11] Dinkens raised this ineffectiveness claim in his third Rule 3.850 motion. See Reply at 9; Resp. Ex. GG at 3-5. The trial court denied the motion as successive and untimely.

---

[11] Respondents contend that ground six of the Second Amended Petition does not relate back to the original Petition, and therefore must be dismissed as untimely. Response at 23-25. For purposes of the foregoing analysis, this Court will assume that Dinkens' claim relates back to ground one of the original Petition and therefore is timely filed.

Resp. Ex. GG at 41.   On appeal, the appellate court affirmed the trial court's decision per curiam.   <u>Dinkens</u>, 64 So.3d 1263; Resp. Ex. JJ.

Respondents contend, and this Court agrees, that the claim is procedurally barred since the issue was raised in a procedurally incorrect manner in state court.   <u>See</u> Response at 25-27.   Dinkens has not shown either cause[12] excusing the default or actual prejudice resulting from the bar.   Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming arguendo that Dinkens properly exhausted this claim in state court, it is, nevertheless, without merit.   In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence.   The presumption that counsel's performance was reasonable is even stronger when, as in this case, counsel is an experienced criminal defense attorney.[13]   The inquiry is "whether, in light of all the

_____

[12] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S.Ct. at 1318 (citation omitted).   As shown in the alternative merits analysis, this ineffectiveness claim lacks any merit.   Therefore, Dinkens has not shown that he can satisfy an exception to the bar.

[13] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted).  Thus, Dinkens must establish that no competent attorney would have taken the action that counsel, here, chose.  <u>Dingle v. Sec'y for Dept. of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted), <u>cert</u>. <u>denied</u>, 552 U.S. 990 (2007). Dinkens has failed to carry this burden.

Given the record, counsel's performance was within the wide range of professionally competent assistance.  In filing a motion to suppress Dinkens' statements, counsel argued that the statements "were not freely and voluntarily given and were a result of continued and persistent questioning by members of the Nassau County Sheriff's Office under circumstances indicating intimidation or inequality between interrogators and Dinkens so as to impair his

---

"[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000).  Brian David Morrissey was admitted to the Florida Bar in 1981. <u>See</u> http://www.floridabar.org.  Thus, at the time of Dinkens' trial in 2007, Morrissey had been practicing law for approximately twenty-six years.

freedom of will and thereby amount to compulsion." Resp. Ex. A at 26. At a March 8, 2007 pretrial hearing on the motion to suppress, Detective Murphy testified that he gave Dinkens <u>Miranda</u> warnings, that Dinkens understood the warnings, and that Dinkens wrote his own statement and provided the information without assistance. Resp. Ex. B at 22-26, 27-28. Based on his investigation, Detective Murphy affirmed that the evidence matched the information in Dinkens' statement. <u>Id</u>. at 26. Moreover, defense counsel questioned Dinkens with respect to the interrogation, <u>id</u>. at 30-35, and the prosecutor cross-examined him, <u>id</u>. at 35-38. After arguments, <u>id</u>. at 49-51, the trial judge took the motion under advisement. Ultimately, the trial judge denied the motion to suppress and found that "the confession was made only after defendant had been fully informed of his constitutional rights [and] that the defendant's confession was made freely, willingly, and voluntarily." Resp. Ex. A at 56 (Order on Pending Motions), 113 (Petitioner's Statement).

Even assuming arguendo deficient performance by defense counsel, Dinkens has not shown prejudice. Dinkens has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had litigated the issue more completely.[14] Therefore, Dinkens' ineffectiveness claim is without

---

[14] <u>See</u> Second Amended Petition at 22.

merit since he has shown neither deficient performance nor resulting prejudice.

## G. Ground Seven

As ground seven, Dinkens argues that the trial court sentenced him in violation of Apprendi[15] and the Sixth Amendment. He asserts that his sentence of life imprisonment exceeds the statutory maximum sentence because the jury did not make the necessary finding that Dinkens committed the offense on a mentally defective person.[16] Dinkens raised this claim in his first Rule 3.800 motion to correct illegal sentence. Resp. Ex. LL at 2-4. Ultimately, the trial court denied the claim. Id. at 36. Upon Dinkens' appeal, the appellate court affirmed the trial court's decision per curiam. Dinkens, 66 So.3d 942; Resp. Ex. OO.

Given the record in the instant action, the appellate court may have affirmed the denial of Dinkens' motion for post conviction relief on the merits. If the appellate court addressed the merits, Dinkens would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim

---

[15] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[16] Respondents claim, and this Court agrees, that ground seven does not relate back to any of the claims in the original Petition, and therefore is due to be dismissed as untimely. See Response at 32. Nevertheless, for purposes of the foregoing analysis, this Court will assume Dinkens timely filed the claim.

were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Dinkens is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Dinkens' claim is still without merit. The record fully supports the trial court's conclusion. The Information states, in pertinent part:

> ENOCH EUGENE DINKENS on September 17, 2006, in the County of Nassau and the State of Florida, did commit a sexual battery upon and without the consent of JESSICA RENE WAY, a person 12 years of age or older, when JESSICA RENE WAY was mentally defective and ENOCH EUGENE DINKENS had reason to believe this or had actual knowledge of that fact, by placing his penis in or upon the vagina of JESSICA RENE WAY, contrary to the provisions of Section 794.011(4)(e), Florida Statutes.

Resp. Ex. A at 7, Information for Sexual Battery. The trial judge instructed the jury that, to prove the crime of sexual battery upon a person 12 years of age or older "under specified circumstances," the State must prove four elements beyond a reasonable doubt:

> 1. Jessica Rene Way was 12 years of age or older.

> 2.   Enoch Eugene Dinkens committed an act
> upon Jessica Rene Way in which the sexual
> organ of Enoch Eugene Dinkens penetrated or
> had union with the vagina of Jessica Rene Way.
>
> 3.   **Jessica   Rene   Way   was   mentally
> defective** and Enoch Eugene Dinkens had reason
> to believe this or had actual knowledge of
> that fact.
>
> 4.   The act was committed without the
> consent of Jessica Rene Way.

Tr. at 268-69 (emphasis added).  The jury returned a verdict of

guilty as charged:

> We the jury find . . . as to the defendant in
> this case: The defendant is guilty of sexual
> battery of a victim 12 years of age or older
> **under the specified circumstances as charged
> in the information** . . . .

Id. at 283 (emphasis added); Resp. Ex. A at 58, Verdict ("The

Defendant is guilty of  Sexual Battery - Victim 12 years of age or

older - Circumstances Specified, as charged in the Information.").

At the sentencing hearing, the prosecutor argued:

> [T]he State is going to be seeking, or asking
> this Court, to sentence Mr. Dinkens to life,
> which is permissible.   It's -- the original
> offense is a first degree felony punishable by
> up to 30 years in the Florida state prison,
> and Mr. Dinkens does qualify as a habitual
> felony offender, which pushes that up to a
> life felony.

Resp. Ex. F at 17. Although defense counsel argued for a term of

years, the trial judge sentenced him as a habitual felony offender

to a term of life imprisonment.  Id. at 23.

Respondents acknowledge that, as one of the four elements of the crime of sexual battery under Florida Statutes section 794.011(4)(e), the State was required to prove to the jury that the victim was mentally defective. See Response at 34. However, given the record, including the Information, jury instructions, verdict, and the jury finding Dinkens guilty "under the specified circumstances as charged in the information," the Court determines that the jury made the requisite finding of the "mentally defective" element to meet the requirements of Apprendi. Indeed, the State's evidence at trial amply supported such a finding. See Tr. at 118-24, 129-31 (Lillie Marie Jones' testimony), 147-76 (Dr. Harris' testimony). Thus, the jury was not required to make the finding again for purposes of sentencing. Dinkens' ground seven does not warrant federal habeas relief.

## H. Ground Eight

As ground eight, Dinkens asserts that counsel was ineffective because he failed to investigate and present substantive arguments relating to prior sexual abuse of the victim.[17] Dinkens raised this ineffectiveness claim in his second and third Rule 3.850 motions. See Resp. Exs. BB; GG. The trial court denied the motions, see Resp. Exs. BB at 11 (successive and abuse of the writ); GG at 41

---

[17] Although ground eight does not relate back to any of the claims in the original Petition, and therefore is due to be dismissed as untimely, see Response at 35, for purposes of the foregoing analysis, this Court will assume Dinkens timely filed the claim.

33

(successive and untimely), and on appeal, the appellate court affirmed the trial court's decisions per curiam, see Resp. Exs. EE; JJ.

On review of the record, the Court finds that this claim is procedurally barred since the issue was raised in a procedurally incorrect manner in state court. See Response at 25-27. Dinkens has not shown either cause[18] excusing the default or actual prejudice resulting from the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming arguendo that Dinkens properly exhausted this claim in state court, Dinkens' claim is, nevertheless, without merit. Dinkens has failed to carry his burden of showing that no competent attorney would have taken the action that counsel, here, chose. Given the record, counsel's performance was within the wide range of professionally competent assistance. Even assuming arguendo deficient performance by defense counsel, Dinkens has not shown prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had investigated alleged prior sexual abuse upon the victim

---

[18] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318 (citation omitted). As shown in the alternative merits analysis, this ineffectiveness claim lacks any merit. Therefore, Dinkens has not shown that he can satisfy an exception to the bar.

and/or had called a rebuttal expert witness.[19]   Indeed, there was substantial evidence against Dinkens at trial, including his own confession and the testimony of the victim's mother and Detective Murphy as well as the medical evidence and Dr. Kresnicka's testimony.   Therefore, Dinkens' ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Dinkens seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.   This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, Dinkens "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

---

[19] See Second Amended Petition at 24.

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Second Amended Petition (Doc. #51) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Second Amended Petition and dismissing this case with prejudice.

3.   If Petitioner appeals the denial of the Second Amended Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

filed in this case.  Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of February, 2013.


**MARCIA MORALES HOWARD**
United States District Judge


sc 9/18
c:
Enoch Eugene Dinkens
Ass't Attorney General (McCoy)